# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BRAD PAUL SMITH                                                                                    PLAINTIFF

V.                              No. 5:18CV00153-SWW-JTR

CORNELIUS CHRISTOPHER,
Captain, Varner Supermax, *et al.*                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wright may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Brad Paul Smith ("Smith") initiated this *pro se* § 1983 action while incarcerated at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"), alleging that Defendants Captain Cornelius Christopher ("Christopher"),

Sergeant Brian Perkins ("Perkins"), and Sergeant Brandon Higgins ("Higgins") used excessive force against him on May 24, 2018.[1] *Docs. 8 & 10.*

Defendants have filed a Motion for Summary Judgment, a Brief in Support, a Statement of Facts, and a Reply. *Docs. 46, 47, 48, 53.* They argue that, because Smith's Substituted Complaint seeks only a declaratory judgment and names Defendants only in their official capacity, they are entitled to judgment as a matter of law. Specifically, they contend that: (1) Smith is not entitled to a declaratory judgment because it is only available for prospective relief regarding a continuing violation, not to establish past liability; (2) Defendants are entitled to sovereign immunity in their official capacities; and (3) Smith's request for relief does not fall within the *Ex Parte Young*[2] exception to sovereign immunity. *Doc. 47 at 3-9.*

Smith filed several Responses in opposition to Defendants' Motion. *Docs. 52, 54, 58, 60, 68.*

For the reasons that follow, the Court recommends that Defendants' Motion for Summary Judgment be granted.

## II. Discussion

On June 12, 2018, Smith filed a *pro se* § 1983 Complaint alleging that Christopher, Perkins and Higgins used excessive force against him on May 24, 2018.

---

[1] Smith now has been released from incarceration. *Doc. 75.*

[2] 209 U.S. 123 (1908).

In addition, Smith raised a number of other completely unrelated claims against other Defendants. *Doc. 1 at 4-7.*

On July 18, 2018, Smith filed a Motion to Amend and proposed Amended Complaint that raised additional unrelated claims. *Doc. 5.* On September 19, 2018, the Court entered an Order striking Smith's Complaint and instructing him to file a Substituted Complaint that only raised one of his various unrelated claims. *Doc. 7 at 3-4.*

On September 19, 2018, Smith filed a Substituted Complaint that only asserted his excessive force claim against Christopher, Perkins, Higgins and Brandon Carroll. *Doc. 8 at1-2, 4-5.* In his verified Substituted Complaint, he names those Defendants in their "*official capacity only.*" *Id. at 2 & 6.*

On November 2, 2018, he filed an "Amendment" that included medical records he wanted to "make part of [his] Complaint." *Doc. 10.* On November 19, 2018, the Court entered an Order construing Smith's Substituted Complaint and Amendment, together, as stating his claims in this case. *Doc. 11.*

On December 26, 2018, the Court entered an Order directing the U.S. Marshall to serve Smith's Substituted Complaint on Christopher, Perkins and Higgins. *Docs. 12 & 13.*

On January 24, 2019, Defendants filed an Answer, in which they: (1) admitted Smith's allegations that he was asserting his claims against them "in their official

3

capacities only"; (2) denied that Smith was entitled to a declaratory judgment; and (3) asserted, as an affirmative defense, "that they [were] entitled to sovereign immunity against all monetary damages against them in their official capacities." *Doc. 15 at 1-3*.

On February 6, 2019, the Court entered a Scheduling Order that required the parties to complete all discovery by August 6, 2019, and to file dispositive motions by September 6, 2019. *Doc. 20*. Between February 2019 and August 2019, the parties actively engaged in written discovery. *Docs. 21-25, 29, 31, 34, 36, 38, 40, 42, 45*. The Court also entered Orders resolving several discovery matters. *Docs. 27, 28, 35, 44, 49*.

On August 2, 2019, Defendants' counsel deposed Smith. During the deposition, the following exchange occurred:

> [Defendants' counsel]: … It's my understanding you're seeking declaratory judgment?
>
> [Smith]: Yes.
>
> [Defendants' counsel]: Why declaratory judgment?
>
> [Smith]: Well, as a matter of fact, [another inmate] is the one that told me about it. He told me what it does it moves my spot up on the docket, is what he said. … I asked for [it] because I didn't want it to extend 18 months, two years, three years like all the cases that I've seen and read. My last one it took, I think it was 14 months before I had a settlement, so I didn't want to wait all that time to get it over with. I wanted to get it over with and get it behind me and move on.
>
> [Defendants' counsel]: So this is not your first lawsuit?

4

>[Smith]: No.
>
>[Defendants' counsel]: How many lawsuits have you filed?
>
>[Smith]: I filed probably four or five. In 2017 I actually had a settlement for excessive force.
>
>….
>
>[Defendants' counsel]: Have you sued my clients in their official capacities only?
>
>[Smith]: Yes. … I read about – my last one I did individual and official, but I read more about it, and it said I've got to explain why I'm doing it in their individual capacity and not their official or both, so I just put official because they were under official employment whenever they did it.

*Doc. 46, Ex. 1 at 4-6.*

On September 5, 2019, Defendants filed the pending Motion for Summary Judgment, arguing that, because Smith's Substituted Complaint sought only a declaratory judgment and named them only in their official capacity, all claims should be dismissed. *Doc. 46.*

On October 4, 2019, Smith filed a Motion to Amend his Substituted Complaint to name Christopher, Perkins and Higgins, in both their official and individual capacities, and to seek compensatory and punitive damages against them. *Doc. 56 at 4 & 8.* On October 9, 2019, he filed a second Motion to Amend, again naming Defendants in both capacities and seeking compensatory and punitive damages, as well as a declaratory judgment. *Doc. 59 at 4 & 8.*

5

Earlier today, I entered an Order denying Smith's Motions to Amend. *Doc. 79*. In this Order, I explain in detail my reasons for denying Smith's belated Motions to Amend.

The only claim asserted by Smith in his Substituted Complaint is against Christopher, Perkins, and Higgins in their "*official capacity only*" and the only relief requested is a "*declaratory judgment.*" *Doc. 8 at 2, 6*. In his deposition testimony. on August 2, 2019, Smith reiterated that he was only suing Defendants in their official capacity and he was only seeking declaratory relief.  He then went on to explain the reasons he was pursuing that strategy. *Doc. 46, Ex. 1 at 4-6.*

A suit against a state employee in his or her official capacity "is the functional equivalent of a suit against the State." *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012). The Eleventh Amendment grants the State, and its agencies, sovereign immunity from "any kind of relief, not merely monetary damages." *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). This includes a declaratory judgment for a past constitutional violation. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (Eleventh Amendment prohibits "judgments against state officers declaring that they violated federal law in the past").

6

The only narrow exception is for claims seeking *prospective relief* against state officials. *Monroe,* 495 F.3d at 594 (explaining that, under *Ex Parte Young*, "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment"). Smith did *not* seek any such relief in his Substituted Complaint. Furthermore, any request for prospective relief now would be moot because Smith has been released from the ADC. *See Doc. 75.* This means, prospectively, Defendants are no longer in a position to exercise any authority or control over him. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (prisoner's requests for declaratory and injunctive relief were rendered moot by his transfer to another facility because he was no longer subject to the allegedly unlawful conditions); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims against warden for injunctive and declaratory relief were mooted by his transfer to another facility because such equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again").

Accordingly, because all of Smith's claims are barred by sovereign immunity, Defendants' Motion for Summary Judgment should be granted, and this action should be dismissed in its entirety.

## III. Conclusion

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment (*Doc. 46)* be GRANTED, and that this case be dismissed, in its entirety, with prejudice.

DATED this 31st day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE